J-A13024-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYREE BUSBY | : | |
| | : | |
| Appellant | : | No. 1180 EDA 2021 |

Appeal from the Judgment of Sentence Entered January 22, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004574-2019

BEFORE: OLSON, J., DUBOW, J., and KING, J.

MEMORANDUM BY DUBOW, J.: **FILED JULY 12, 2022**

Appellant, Tyree Busby, appeals from the January 22, 2021 Judgment of Sentence entered in the Philadelphia County Court of Common Pleas following his conviction of numerous offenses arising from Appellant's assault of his employer, Hartford White. After careful review, we affirm.

The relevant facts, as gleaned from the trial court's August 25, 2021 Opinion and the Notes of Testimony, and procedural history are as follows. On May 23, 2019, 73-year-old Mr. White, who operated a cleanout and removal business, hired 22-year-old Appellant to help him move a refrigerator. As the two men travelled in Mr. White's truck from 52nd and Market Streets in Philadelphia to the site of the refrigerator, they began to argue about the address and location of the site. Mr. White asked Appellant to get out of the truck. Appellant responded by punching Mr. White in the jaw.

Mr. White stopped the truck, both men stepped out, and Appellant approached Mr. White, who was disoriented from having been punched in the face. Appellant then punched Mr. White again, causing him to fall to the ground. As Mr. White picked himself up, Appellant got into the truck and drove away without Mr. White. Appellant had never driven the vehicle before and did not have Mr. White's permission to do so.

Mr. White ran after Appellant yelling for him to stop. Appellant drove about 20 feet and stopped the truck. Mr. White then got into the passenger seat of the truck and Appellant proceeded to drive to City Line Avenue. Once, while the truck was stopped in traffic, Mr. White reached over and turned off the engine, and ordered Appellant out of the truck. Appellant again responded by punching Mr. White in the jaw and restarting the truck's engine.

Next, Appellant drove to 52nd and Market Streets, where he parked. He stepped out of the vehicle with the truck's keys in his hand and demanded $10 from Mr. White. Mr. White complied with Appellant's demand for money in exchange for Mr. White's keys and Appellant threw the keys on the sidewalk and walked away.

Mr. White sought treatment for the injuries he sustained to his face the next day. Appellant's assault of Mr. White caused Mr. White's face to swell, broke Mr. White's jaw in two places, and broke his dentures, resulting in the loss of four teeth. Mr. White swallowed at least one of his teeth during the beating, injuring his throat and limiting him to non-solid foods for a time. At

the time of trial, more than one year later, Mr. White was still missing four teeth because he could not afford the dental repairs.

Following this incident, the Commonwealth charged Appellant with Aggravated Assault, Robbery, Robbery of a Motor Vehicle, Simple Assault, Recklessly Endangering Another Person ("REAP"), Unauthorized Use of a Motor Vehicle, Terroristic Threats, Theft by Unlawful Taking, and Receiving Stolen Property.[1]  Appellant waived his right to a jury trial, and, on November 4, 2020, the trial court convicted him of the above offenses.[2]

On January 22, 2021, the court imposed an aggregate sentence of 5 to 10 years' incarceration.  Appellant filed a timely Post-Sentence Motion challenging the sufficiency and weight of the evidence and the discretionary aspects of his sentence.  Following a hearing, the trial court denied Appellant's motion on June 9, 2021.

This appeal followed.  Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issues on appeal:

1. Did the trial court err in convicting [Appellant] of [T]heft where the is no evidence that he intended to deprive [Mr. White] of his property?

_____

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(ii), 3702(a), 2701(a), 2705, 3928(a), 2706(a)(1), 3921(a), and 3925(a), respectively.

[2] Only Mr. White testified at Appellant's bench trial.

2. Did the trial court err in convicting [Appellant] of [R]obbery where there was insufficient evidence that he was in the course of committing a theft?

3. Did the trial court err in convicting [Appellant] of [A]ggravated [A]ssault?

Appellant's Brief at 3 (unnecessary language omitted).

Appellant's issues challenge the sufficiency of the Commonwealth's evidence in support of his convictions of Theft, Robbery, and Aggravated Assault. "A claim challenging the sufficiency of the evidence is a question of law." *Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000). "Our standard of review is *de novo*, and our scope of review is plenary." *Commonwealth v. Mikitiuk*, 213 A.3d 290, 300 (Pa. Super. 2019).

In reviewing a sufficiency challenge, we determine "whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all elements of the offense beyond a reasonable doubt." *Commonwealth v. May*, 887 A.2d 750, 753 (Pa. 2005). "Further, a conviction may be sustained wholly on circumstantial evidence, and the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence." *Commonwealth v. Miller*, 172 A.3d 632, 640 (Pa. Super. 2017). "In conducting this review, the appellate court may not weigh the evidence and substitute its judgment for the fact-finder." *Id.*

In his first issue, Appellant asserts that the Commonwealth failed to present sufficient evidence that Appellant had the requisite *mens rea* to commit the offense of Theft. Appellant's Brief at 8-11.

A person commits the offense of Theft "if he unlawfully takes, or exercises unlawful control over, moveable property of another with intent to deprive him thereof." 18 Pa.C.S. § 3921(a). The Crimes Code defines the term "deprive" as "[t]o withhold property of another permanently or . . . with intent to restore only upon payment of reward or other compensation." *Id.* at 3901.

Appellant argues that the Commonwealth presented insufficient evidence to establish that he intended to permanently deprive Mr. White of his vehicle. *Id.* at 8. In particular, Appellant claims that his demand that Mr. White pay him $10 was not evidence of his withholding Mr. White's property with intent to restore it only upon payment but, instead, was merely evidence of his interest in receiving payment for his time. *Id.*

In the instant case, the Commonwealth's evidence showed that Appellant stole Mr. White's truck and refused to return it. It was not until Mr. White paid Appellant $10 that Appellant "returned" the keys. Appellant did so by throwing the keys on the sidewalk and walking away. Drawing all inferences from this evidence in favor of the Commonwealth as verdict-winner it was reasonable for the fact-finder to conclude that Appellant did not intend to return Mr. White's property to him unless Mr. White paid him and, therefore,

that Appellant intended to "deprive" Mr. White of his truck. Accordingly, Appellant is not entitled to relief on this claim.

In his next issue, Appellant challenges his Robbery conviction. In an argument predicated on the success of Appellant's challenge to his Theft conviction, Appellant asserts that because he "lacked the requisite *mens rea* to commit [T]heft, he also did not commit a robbery." Appellant's Brief at 11.

A person is guilty of Robbery if "in the course of committing a theft, he . . . threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

Appellant's only argument in support of his claim that the Commonwealth did not prove that he committed Robbery is that the Commonwealth failed to prove that he committed Theft. Having affirmed Appellant's conviction of Theft, Appellant's challenge to his Robbery conviction also fails.

In his final issue, Appellant claims that the Commonwealth presented insufficient evidence that Appellant had the requisite *mens rea* to commit the offense of Aggravated Assault. Appellant's Brief at 12.

Under Pennsylvania law, "[a] person is guilty of aggravated assault if he . . . attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly[,] or recklessly under circumstances manifesting extreme indifference to the value of human life[.]" 18 Pa.C.S. § 2702(a)(1). Intent to cause serious bodily injury can be proven by wholly circumstantial evidence, and may be inferred from acts or conduct, or from attendant

circumstances. **Commonwealth v. Holley**, 945 A.2d 241, 247 (Pa. Super. 2008).

The *mens rea* required for a conviction of Aggravated Assault is malice. **Commonwealth v. Packer**, 168 A.3d 161, 168 (Pa. 2017). "[M]alice is present under circumstances where a defendant . . . displayed a conscious disregard for an unjustified and extremely high risk that his actions might cause death or serious bodily harm." **Id.** (citation and internal quotation marks omitted). As stated above, the Commonwealth may show the intent to cause serious bodily injury through circumstantial evidence, including the circumstances surrounding the attack. **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa. Super. 2007). "In determining whether intent was proven in such circumstances, the fact[-]finder is free to conclude the accused intended the natural and probable consequences of his actions to result therefrom." **Id.** (citation and internal quotation marks omitted).

Appellant argues that there was no evidence that he acted with malice and intended to cause Mr. White serious bodily injury, but only that Appellant acted out of "frustration" and "foolishly."[3] Appellant's Brief at 13. Appellant further argues that the trial court erred in justifying Appellant's conviction "not on intent but solely on [the] injur[ies suffered by Mr. White]." **Id.** at 14.

Our review of the record indicates that the Commonwealth presented ample evidence from which the trial court could reasonably infer that Appellant

---

[3] Appellant does not dispute that his actions caused Mr. White serious bodily injury.

intended to cause serious bodily injury as the "natural and probable consequences of his actions." In particular, the Commonwealth's evidence demonstrated that the 22-year-old Appellant punched 73-year-old Mr. White in the jaw numerous times, causing swelling to his face, knocking Mr. White to the ground, breaking his jaw in two places, and breaking four dentures. The evidence also demonstrated that, at the time of trial, Mr. White was still suffering from his injuries in that he could not afford the dental work required to replace his lost teeth. The injuries suffered by Mr. White were the reasonable and predictable result of Appellant repeatedly punching him in the face. We, thus, conclude, that the Commonwealth presented sufficient evidence to prove that Appellant committed the offense of Aggravated Assault.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/12/2022